UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERIN TESAR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 4:15CV943 HEA |
| | ) | |
| UNION R-XI SCHOOL DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Union R-XI School District, Gary Vogel. And Jennifer Davis' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim upon which Relief can be Granted or, in the Alternative, to Make More Definite, [Doc. No. 18] and Defendant Trakas' Motion to Dismiss, [Doc. No. 20]. Plaintiff opposes the motions. For the reasons set forth below, the Motions are granted in part, and denied in part.

## Facts and Background

This matter was commenced on July 17, 2015, by the filing of a Complaint. Plaintiff alleges violations of the Rehabilitation Act (Count I), of Titles II and V of the Americans with Disabilities Act, (Count II), Section 1983 of the Civil Rights Act, (Count III) and an invasion of privacy claim under Missouri State Law, (Count IV).

The Complaint alleges: Plaintiff began working for Defendant District in 2003. During the 2012-13 school year, Plaintiff worked as a special education teacher at Clark-Vitt Elementary School. According to Plaintiff, Clark-Vitt altered the manner in which special education services were offered during that year – eliminating the class within a class ("CWC") and inclusion models of teaching that had been offered the previous school year. Plaintiff alleges that the elimination of CWC and inclusion teaching violated certain students' IEPs and, therefore, federal law governing special education. Plaintiff alleges that she advised Defendants that the change in special education was inappropriate and failed to comply with federal law. As a result of her complaints to Defendants about the elimination of CWC and inclusion teaching during the 2012-13 school year, Plaintiff alleges that she was "bombarded" with emails regarding her IEPs. Plaintiff further alleges that the District responded to her complaints by adding more students to her room and giving her low marks on her teacher evaluations, whereas in previous years she had performed well. Plaintiff also alleges that Defendants' handling of a complaint made about her by a parent was not appropriate in that after she was alleged to have made a discriminatory remark, the District placed information regarding its investigation in her personnel file. Plaintiff further alleges that Davis asked her to produce her lesson plans during the same time frame.

**Discussion**

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir.2001) *quoting Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 570 (2007)(abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.,* 550 U.S. at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id*. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct", the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc.,* 599 F.3d 856, 861 (8th Cir.2010)(*citing Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868.1950 (2009)).

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S.

232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Kottschade v. City of Rochester,* 319 F.3d 1038, 1040 (8th Cir.2003). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly,* 550 U.S. at 555. (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts—not mere legal conclusions—that, if true, would support the existence of the claimed torts." *Moses.com Securities v. Comprehensive Software Systems, Inc.,* 406 F.3d 1052, 1062 (8th Cir.2005) *citing Schaller Tel. Co. v. Golden Sky Systems,* 298 F.3d 736, 740 (8th Cir.2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. *Bennett v. Berg,* 685 F.2d 1053, 1058 (8th Cir.1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. *Twombly,* 550 U.S. at 556; *Neitzke v. Williams,* 490 U.S. at 327 ("What Rule 12(b)(6) does not

countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations."). However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.,* 524 F.3d 866, 870 (8th Cir. 2008). Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868.1950 (2009)(*quoting Twombly,* 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

**Defendants District Union R-XI School District,
Gary Vogel, And Jennifer Davis**

**Counts I and II**

The ADA and the Rehabilitation Act forbid an employer to retaliate against an employee because the employee opposed any act or practice made unlawful by these statutes.

> The ADA provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). This court also has held that a person who is terminated after unsuccessfully seeking an accommodation may pursue a retaliation claim under the ADA, if she had a

> good faith belief that the requested accommodation was appropriate. *Heisler v. Metro. Council,* 339 F.3d 622, 632 (8th Cir.2003). This circuit also has recognized a cause of action for retaliation under the Rehabilitation Act, although the textual basis for the claim is not well explained in our cases. *See Neudecker,* 351 F.3d at 363–64; *Hoyt v. St. Mary's Rehab. Ctr.,* 711 F.2d 864, 867 (8th Cir.1983); *cf. Jarvis v. Potter,* 500 F.3d 1113, 1125 (10th Cir.2007). In any event, our precedent says that we treat retaliation claims under the two statutes interchangeably. *Mershon v. St. Louis Univ.,* 442 F.3d 1069, 1077 n. 3 (8th Cir.2006); *Neudecker,* 351 F.3d at 364.

*Hill v. Walker*, 737 F.3d 1209, 1218 (8th Cir. 2013).

Although "[p]roof of a retaliation claim is not the same as [proof of] a direct claim of disability discrimination," *Foster v. Time Warner Entm't Co., L.P.,* 250 F.3d 1189, 1195 (8th Cir.2001), a retaliation claim under the statutes are analyzed under a *McDonnell Douglas* burden-shifting framework. *See Product Fabricators, Inc.,* ⎯⎯ F.3d. ⎯⎯, 2014 WL 3971477, at *5; *Stewart v. Independent Sch. Dist. No.* 196, 481 F .3d 1034, 1042–43 (8th Cir.2007). More specifically, under this framework, the initial burden is on the plaintiff to establish a prima facie case, consisting of evidence: "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events." *Green [v. Franklin Nat'l Bank of Minneapolis],* 459 F.3d [903,] 914 [(8th Cir.2006)]. If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to show a "nonretaliatory reason for the adverse employment action." *Id.* (quotation marks omitted). If the defendant can show a legitimate, non-retaliatory reason for its actions, the burden

- 6 -

returns to the plaintiff who "is 'then obliged to present evidence that (1) creates a question of fact as to whether [defendant's] reason was pretextual and (2) creates a reasonable inference that [defendant] acted in retaliation.'" *Logan v. Liberty Healthcare Corp.,* 416 F.3d 877, 880 (8th Cir.2005) (quoting *Smith v. Allen Health Sys., Inc.,* 302 F.3d 827, 833 (8th Cir.2002)). *Stewart,* 481 F.3d at 1043.

Here, Defendants argue that Plaintiff has not shown that an adverse employment action was taken against her. Taking the allegations in the Complaint as true, and in the light most favorable to Plaintiff, the Complaint sufficiently sets forth a plausible claim for adverse action.

> An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage. This might include termination, cuts in pay or benefits, and changes that affect an employee's future career prospects." *Clegg v. Ark. Dep't of Corr.,* 496 F.3d 922, 926 (8th Cir.2007) (internal marks and quotations omitted). [Plaintiff] "need not prove that [s]he was terminated to demonstrate an adverse action; however 'not everything that makes an employee unhappy is an actionable adverse action.' " *Duffy v. McPhillips,* 276 F.3d 988, 991–92 (8th Cir.2002) (quoting *Bechtel v. City of Belton,* 250 F.3d 1157, 1162 (8th Cir.2001)). " 'Minor changes in duties or working conditions, even unpalatable or unwelcome ones, which cause no materially significant disadvantage, do not' rise to the level of an adverse employment action." *Clegg,* 496 F.3d at 926 (quoting *Higgins v. Gonzales,* 481 F.3d 578, 584 (8th Cir.2007) *(abrogated on other grounds* by *Torgerson v. City of Rochester,* 643 F.3d 1031, 1058 (8th Cir.2011))). "Lesser actions than demotion, suspension, and termination can be adverse employment actions if their cumulative effect causes an employee to suffer 'serious employment consequences' that adversely affect or undermine h[er] position." *Shockency v. Ramsey Cnty.,* 493 F.3d 941, 948 (8th Cir.2007) (quoting *Kim v. Nash Finch Co.,* 123 F.3d 1046, 1060 (8th Cir.1997)).

For example, in *Kim,* this court found an adverse employment action:

> What happened to Kim was much more disruptive than a mere inconvenience or an alteration of job responsibilities or changes in duties or working conditions that cause no materially significant disadvantage. Kim's duties had been reduced; he received much lower performance evaluations than he had received before filing his employment discrimination charge; he was required to undergo special remedial training. There was also evidence that Nash Finch had "papered" his personnel file with negative reports, including two written reprimands. These are the kind of serious employment consequences that adversely affected or undermined Kim's position, even if he was not discharged, demoted or suspended.
>
> *Kim,* 123 F.3d at 1060 (internal citations, quotation, and alterations omitted). In other words, [Plaintiff] must establish "'a reasonable employee would have found her employer's retaliatory action *materially* adverse.'" *Rester,* 739 F.3d at 1132 (emphasis added) (quoting *Wilkie v. Dep't of Health & Human Servs.,* 638 F.3d 944, 955 (8th Cir.2011)).

*Wagner v. Campbell*, 779 F.3d 761, 766-67 (8th Cir. 2015).

Plaintiff has alleged that she was bombarded with emails; an erroneous reprimand was placed in her personnel file; the claimed discriminatory remark was disclosed to her student's parent; she was required to submit lesson plans; the District responded to her complaints by adding more students to her room and giving her low marks on her teacher evaluations, whereas in previous years she had performed well. The cumulative effect of these actions may rise to the level of an adverse employment action. Defendant's motion to dismiss Counts I and II on the grounds that Plaintiff has failed to allege a claim is denied.

**Count III**

Plaintiff has agreed to dismiss Count III. The Motion will be granted, by consent.

**Count IV**

Count IV attempts to state a state law claim for invasion of privacy. Plaintiff alleges that Defendants invaded her privacy when they improperly intruded upon her protected employment records and improperly obtained confidential information in them and when they disseminated documents containing private facts to the public.

The Court agrees with Defendants that Plaintiff's reliance of the Missouri Sunshine Law in an effort to overcome their argument regarding official and sovereign immunity is a new theory not found within the Complaint. The Complaint as written fails to establish that Plaintiff is entitled to bring her action against the Defendants in their official capacities and the District under a waiver of sovereign immunity. Count IV will be dismissed with leave to amend.

**Defendant Trakas**

**Counts I**

Count I fails to allege any actions as to Defendant Trakas and seeks judgment against only Defendant District. As such, it fails to state any claim against Defendant Trakas.

**Count II**

Count II of Plaintiff's Complaint likewise states that "the District is a 'public entity;'" that the "District's conduct described above violates Titles II and V of the ADA; and that "[a]s a direct and proximate result of District's actions, Plaintiff suffers and is reasonably likely to continue to suffer, emotional distress, anguish, humiliation and loss of her civil rights." Count II suffers from the same infirmities as Count I with respect to Defendant Trakas. Nothing in the Count specifically sets out the actions he took in an alleged violation of the ADA. While Plaintiff sets out some actions she believes were in violation of the ADA as to Defendant Trakas, the Count itself only contends the District's actions were violative of the statute. The Count is confusing at best and insufficient to state a claim against Trakas as it is written.

**Count IV**

Count IV suffers from the same shortcomings with respect to Defendant Trakas as the other defendants. Plaintiff has not invoked the Sunshine Law of Missouri, yet in her response, she relies upon this statute to argue the Count should not be dismissed. Such reliance is gravely misplaced. This Count will be dismissed.

## Conclusion

Based upon the foregoing, the Court concludes that the Defendants Union R-XI School District, Gary Vogel, And Jennifer Davis' Motion to Dismiss Plaintiff's

Complaint for Failure to State a Claim upon which Relief can be Granted or, in the Alternative, to Make More Definite, [Doc. No. 18], is well taken with respect to Count IV and Defendant Trakas' Motion to Dismiss, [Doc. No. 20], should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that on Defendants Union R-XI School District, Gary Vogel. And Jennifer Davis' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim upon which Relief can be Granted or, in the Alternative, to Make More Definite, [Doc. No. 18], is granted in part and denied in part. The motion is **Granted as to Count III and IV** and **Denied as to Counts I and II**.

**IT IS FURTHER ORDERED** that Defendant Trakas' Motion to Dismiss, [Doc. No. 20], is **Granted**.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Opinion, Memorandum and Order to file an Amended Complaint.

Dated this 19th day of March, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE